Filed 6/29/23  P. v. Leyba CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD LEYBA,<br><br>    Defendant and Appellant. | F085338<br><br>(Tulare Super. Ct.<br>No. VCF101355-02)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Alex Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Peña, J. and Meehan, J.

In 2004, appellant and defendant Richard Leyba (appellant) was convicted after a jury trial of first degree murder (Pen. Code, § 187, subd. (a)),[1] three counts of attempted premeditated murder (§§ 664, 187, subd. (a)), shooting at an inhabited dwelling house (§ 246), and permitting another to shoot from a vehicle (§ 12034, subd. (b)), with special allegations found true that a principal personally and intentionally discharged a handgun causing great bodily injury and death (§ 12022.53, subds. (d) & (e)), and the crimes were committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)).  Appellant was sentenced to 236 years to life.

In 2022, appellant filed a petition for resentencing of his convictions for first degree murder and attempted premeditated murder pursuant to section 1172.6.[2]  The superior court appointed counsel, the People filed opposition, and appointed counsel filed a reply to the opposition.  The court conducted a hearing and denied the petition, finding that appellant had failed to state a prima facie case for relief and thus was ineligible for resentencing.

On appeal, appellant's counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record.

On April 13, 2023, this court sent an order to appellant stating his appellate counsel had filed a brief under *Wende* that indicated no arguable issues had been identified for appeal; previously, when an appellant filed an appeal from the denial of a section 1172.6 petition, and counsel filed a *Wende* brief, this court performed an

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] Appellant filed his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6, effective June 30, 2022, without further substantive changes.  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)  As such, we refer to the subject statute by its current number throughout this opinion.

independent review of the record to determine whether any error occurred; the California Supreme Court determined in *Delgadillo* that independent *Wende* review is not required for appeals from the denial of section 1172.6 petitions; in accordance with the procedures set forth in *Delgadillo*, appellant had 30 days in which to file a supplemental brief or letter raising any arguable issues he wanted this court to consider; and if we did not receive a letter or brief within that 30-day period, this court may dismiss the appeal as abandoned.

Since more than 30 days have elapsed, and we have received no communication from appellant, we consider his appeal abandoned and order dismissal. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.